## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------X
                   :

In re:                   :        Chapter 11
                   :

BOOMERANG SYSTEMS, INC., *et al.*,[1]  :      Case No. 15-11729 (MFW)
                   :       (Jointly Administered)
                   :

          Debtors.     : **Hearing Date:  January 19, 2016 at 3:00 p.m. ET**
                   : **Objection Deadline:  January 12, 2016 at 4:00 p.m. ET**
                   :
-------------------------------------------------------------X

### SUMMARY OF FIRST AND FINAL FEE APPLICATION OF TOGUT, SEGAL & SEGAL, LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR FROM AUGUST 18, 2015 THROUGH SEPTEMBER 13, 2015

| **Name of Applicant:** | **TOGUT, SEGAL & SEGAL LLP** |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | October 17, 2015 *Nunc Pro Tunc* to August 18, 2015 |
| First and Final Period for Which Compensation and Reimbursement is Sought: | August 18, 2015 through September 13, 2015 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $97,588.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $2,380.01 |
| First and Final Fee Application Preparation*: | $5,000.00 |
| **Total Amount Sought (Fees and Expenses):** | **$104,968.51** |
| This is an:__ interim / and a  X  final application | |

*This application includes 10 hours with a value of $5,000 incurred in connection with the preparation of the First and Final Fee Application.

---

[1]      The Debtors in these chapter 11 cases and the last four digits of each Debtor's identification number are as follows:  (i) Boomerang Systems, Inc. (6487) (Case No. 15-11729), (ii) Boomerang Sub, Inc. (3805) (Case No. 15-11731), (iii) Boomerang USA Corp. (0521) (Case No. 15-11732), and (iv) Boomerang MP Holdings Inc. (4081) (Case No. 15-11733).  The address for each of the Debtors is 30 A Vreeland Road, Suite 150, Florham Park, New Jersey 07932.

**BOOMERANG SYSTEMS, INC.,** *et al.*, **Debtors**
**Chapter 11 Case No. 15-11729 (MFW)**

**TOGUT, SEGAL & SEGAL LLP'S MATTER SUMMARY REPORT**

<div style="border:1px solid">

**BOOMERANG SYSTEMS, INC.** *ET AL.*,

**FIRST AND FINAL AND FEE APPLICATION**
**SUMMARY BY MATTER FOR FIRST AND FINAL FEE PERIOD**
**(August 18, 2015 through September 13, 2015)**

</div>

| MATTER | TOTAL HOURS BILLED | AMOUNT BILLED |
|---|---:|---:|
| Asset Analysis and Recovery | 0.7 | $493.50 |
| Automatic Stay Issues | 0.4 | 282.00 |
| Case Administration | 48.0 | 17,811.00 |
| Case Status/Strategy | 6.0 | 1,345.00 |
| Claims | 2.8 | 1,892.00 |
| Counterparty Contracts/Issues | 27.4 | 6,679.00 |
| Creditor Committee Matters | 1.5 | 307.50 |
| Employee Matters | 2.1 | 1,408.50 |
| Fee Application/Fee Statements | 1.3 | 673.50 |
| Financial Issues (Non-Tax) | 2.2 | 451.00 |
| First Day Orders | 61.5 | 22,323.50 |
| General | 1.6 | 382.00 |
| Non Real Property Lease Exec. Con | .5 | 147.50 |
| Other Litigation | 2.0 | 696.00 |
| Petition and Accompanying Documents | .8 | 516.00 |
| Plan and Disclosure Statement | 2.8 | 1,974.00 |
| Post-Petition Financing | 47.9 | 26,384.50 |
| Professionals Fees/Other | .9 | 265.50 |
| Retention of Professionals | 23.9 | 6,613.00 |
| Sale of Property | .4 | 82.00 |
| Schedules | 5.2 | 2,657.00 |
| Travel 5 | 5.0 | 2,525.00 |
| Trustee Issues | .7 | 206.50 |
| U.S. Trustee Matters | 3.8 | 1,401.00 |
| **TOTALS:** | **249.4** | **$97,588.50** |

## FIRST & FINAL FEE PERIOD

### (For the period August 18, 2015 through September 13, 2015)

| Timekeeper | Year | Rate | Hours | Fee |
|---|---|---|---|---|
| Jeffrey R. Gleit[1] | 2000 | $705 | 41.0 | $28,905.00 |
| Brian Moore[2] | 1998 | $645 | 38.4 | $24,768.00 |
| Stephanie Skelly[3] | 2007 | $375 | 8.9 | $3,337.50 |
| Lauren Peacock[3] | 2005 | $475 | 6.3 | $2,992.50 |
| Leo Muchnik[3] | 2013 | $205 | 68.2 | $13,981.00 |
| Dawn Person[4] | N/A | $295 | 72.1 | $21,269.50 |
| Denise Cahir[4] | N/A | $235 | 0.2 | $ 47.00 |
| Alexandra Deering[4] | N/A | $160 | 14.3 | $2,288.00 |
| | | **TOTALS:** | **249.4** | **$97,588.50** |

—————————

1   Partner
2   Of Counsel
3   Associate
4   Paralegal

**EXPENSE SUMMARY**

**Expense Summary for the Period August 18, 2015 through September 13, 2015***

| **Expenses** | *Amount* |
|---|---|
| Meals | $110.19 |
| Photocopies | 191.20 |
| Telephone | 44.24 |
| Travel-ground | 2,034.38 |
| **TOTALS:** | **$2,380.01** |

_____

\* Reflects expenses actually incurred, posted and/or billed during this period.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------------X
                                            :
In re:                                      :          Chapter 11
                                            :
BOOMERANG SYSTEMS, INC., *et al.*,[2]        :          Case No. 15-11729 (MFW)
                                            :           (Jointly Administered)
                                            :
                          Debtors.          :    Hearing Date: **January 19, 2016 at 10:00 AM**
-----------------------------------------------------------------X    Obj. Ddl.: **January 12, 2016 at 4:00 P.M. ET**

**FIRST AND FINAL FEE APPLICATION OF
TOGUT, SEGAL & SEGAL, LLP FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES
FROM AUGUST 18, 2015 THROUGH SEPTEMBER 13, 2015**

TO THE HONORABLE MARY F. WALRATH,
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of

Bankruptcy Procedure, the law firm of Togut, Segal & Segal, LLP (hereinafter the

"Togut Firm") hereby moves this Court for reasonable compensation for professional

legal services rendered as counsel for debtors and debtors in possession (collectively,

the "Debtors") the above-captioned cases (the "Chapter 11 Cases") in the amount of

$97,588.50 together with reimbursement for actual and necessary expenses incurred in

the amount of $2,380.01 for the period commencing August 18, 2015 through and

including September 13, 2015 (the "First and Final Fee Period").  In support of its

Application, the Togut Firm respectfully represents as follows:

5.      On August 18, 2015 (the "Petition Date"), each of the Debtors filed

a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These cases

are being jointly administered for procedural purposes only.

---

[2]      The Debtors in these chapter 11 cases and the last four digits of each Debtor's identification number are as follows:  (i) Boomerang Systems, Inc. (6487) (Case No. 15-11729), (ii) Boomerang Sub, Inc. (3805) (Case No. 15-11731), (iii) Boomerang USA Corp. (0521) (Case No. 15-11732), and (iv) Boomerang MP Holdings Inc. (4081) (Case No. 15-11733).  The address for each of the Debtors is 30 A Vreeland Road, Suite 150, Florham Park, New Jersey 07932.

6.      The Togut Firm was retained to serve as counsel for the Debtors by Order of the Court dated October 17, 2015, *nunc pro tunc* to August 18, 2015 [Docket No. 242] (the "Retention Order").  The Retention Order authorized the Togut Firm to be compensated on an hourly basis, and to be reimbursed for actual and necessary out-of-pocket expenses.

7.      All services for which compensation is requested by the Togut Firm were performed for, or on behalf of, the Debtors.

8.      The compensation sought by the Togut Firm during the First and Final Fee Period are billed at rates and in accordance with practices customarily employed by the Togut Firm and is, to the best of our belief, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

## SUMMARY OF SERVICES RENDERED DURING
## THE FIRST AND FINAL FEE PERIOD

**(For the period August 18, 2015 through September 13, 2015)**

9.      Attached hereto as Exhibit A is a detailed statement of fees incurred during the First and Final Fee Period showing the amount of $97,588.50 due for fees. Exhibit B is a detailed statement of expenses to be reimbursed during the First and Final Fee Period showing the amount of $2,380.01 due for reimbursement of expenses.

10.     The services rendered by the Togut Firm during the First and Final Fee Period are grouped into the categories set forth in Exhibit A.  The attorneys and paralegals that rendered services relating to each category are identified, along with the number of hours for each individual and the total compensation sought for each category, in the attachments hereto.

11.     The Togut Firm was engaged by the Debtors in early August 2015, to assist them with their efforts to prepare these cases for chapter 11 should such a filing become necessary and in the Debtors best interests.  The Debtors selected the Togut

Firm as their attorneys because for more than 30 years, it has specialized, almost exclusively, in the field of debtors' protections, creditors' rights, and complex business reorganizations under chapter 11 of the Bankruptcy Code.

12.    As set forth in the Declaration of filed in support of the Togut Firm Retention Application (defined below), prior to the Petition Date the Togut Firm was paid a retainer in the amount $125,000 that was applied to fees and reimbursement of expenses incurred prior to the Petition Date.  There is no balance to be applied to any unpaid post-Petition Date fees and expenses of the Togut Firm as may allowed by this Court.

13.    On the Petition Date, each of the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of the Bankruptcy Code.[3]  The Togut Firm does not wish to unnecessarily burden this Court with an overly detailed recitation of each matter it handled during the First and Final Fee Period.   To the fullest extent possible, the details of such professional services rendered are set forth in the daily time records of the attorneys and paraprofessionals annexed hereto.  To provide the Court with a synopsis of the services rendered on behalf of the Debtors, and in accordance with the U.S. Trustee Guidelines, the Togut Firm has established separate billing categories for all of its clients, organized by subject matter, including, *inter alia*:

- Automatic Stay Issues

- Case Administration

- Case Status/Strategy

- Claims

- Counterparty Contracts/Issues

- First Day Orders

---

[3] The events leading up to the Petition Date, is set forth in detail, in the *Declaration of James V. Gelly in Support of Chapter 11 Petitions and First Day Pleadings of Boomerang Systems, Inc. and its Affiliated Debtors* (the "First Day Declaration").

- Insurance Issues

- Non Real Property Lease Exec. Con.

- Plan and Disclosure Statement

- Post-Petition Financing

- Retention of Professionals

- Schedules

14.     The discussion herein focuses upon those matters on which the
Togut Firm spent a significant amount of time in connection the commencement of the
Chapter 11 Cases on August 18, 2015 until September 13, 2015, at which time Jeffrey R.
Gleit and the engagement transitioned to Sullivan & Worcester LLP as set forth in the
Retention Order.  A detailed description of the work performed and the time expended
performing such services is fully set forth in the Applicant's time records.

15.     In preparing the Chapter 11 petitions and related exhibits, the
Togut Firm conferred extensively with the Debtors and senior management
representatives.  The Togut Firm also prepared numerous motions seeking relief at the
outset of these cases (the "First Day Motions").  The Togut Firm presented to the Court
the following First Day Motions seeking the various relief, including:

- Motion of the Debtors for Entry of an Order Directing Joint
  Administration of Related Chapter 11 Cases for Procedural Purposes
  Only [Docket No. 3]

- Application for an Order Appointing Garden City Group LLC as
  Claims and Noticing Agent for the Debtors Pursuant to 28 U.S.C.
  § 156(c), 11 U.S.C. § 105(a) and LBR 2002-1(f) [Docket No. 10]

- Motion of the Debtors for an Order Authorizing (I) Maintenance of
  Certain Existing Bank Accounts, (II) Continued Use of Existing Checks
  and Business Forms, and (III) Continued Use of Existing Cash
  Management System [Docket No. 4].

- Motion of the Debtors for an Order Authorizing the Payment of
  Prepetition Sales and Use Taxes and Similar Taxes and Fees and
  Authorizing Banks and Other Financial Institutions to Receive,
  Process, Honor, and Pay Checks Issued and Electronic Payment
  Requests Made Relating to the Foregoing [Docket No. 5].

- Motion of the Debtors for Entry of an Order: (I) Authorizing Debtors to (A) Pay Wages, Salaries, and Other Compensation, Payroll, Withholdings and Benefits Contributions, (B) Maintain Employee Medical and Similar Benefits, and (C) Pay Reimbursable Employee Expenses; and (II) Authorizing and Directing Banks and Other Financial Institutions to Pay All Checks and Electronic Payment Requests Made by Debtors Relating to the Foregoing [Docket No. 6].

- Motion of the Debtors for Entry of Interim and Final Orders (I) Determining Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (III) Establishing Procedures for Determining Adequate Assurance of Payment, and (IV) Scheduling a Final Hearing [Docket No. 7].

- Motion of the Debtors for Entry of an Order Authorizing Debtors to Maintain Existing Insurance Policies, Pay All Policy Premiums and Fees Arising Thereunder, and Renew or Enter into New Policies [Docket No. 8].

- Motion of the Debtors for Entry of an Order (I) Extending the Time Within Which the Debtors Must File Their (A) Schedules and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports and (II) Waiving the Requirement to File the List of Equity Security Holders [Dkt No. 11]; and

- Motion of the Debtors for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e) Authorizing the Debtors to (I) (A) Obtain Post petition Secured Super-Priority Financing, and (B) Utilize Cash Collateral of Prepetition Lender; (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c); and (III) Granting Related Relief Docket No. 10] (the "<u>DIP Financing Motion</u>").

16.    After a hearing on August 20, 2015, the Bankruptcy Court entered a number of orders granting the relief sought in the First Day Motions, including:

- Order Directing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only. An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the Chapter 11 Cases listed below for procedural purposes only. [Docket No. 35];

- Order Authorizing Retention and Appointment of Garden City Group, LLC as Claims and Noticing Agent. [Docket No. 36];

- Order (I) Authorizing the Payment of Prepetition Sales and Use and Other Similar Taxes and Fees and (II) Authorizing Banks and Other Financial Institutions to Receive, Process, Honor and Pay Checks

Issued and Electronic Payment Requests Made Relating to the Foregoing. [Docket No. 39];

- Order Granting Motion of the Debtors for an Order (I) Extending the Time Within Which the Debtors Must File Their (A) Schedules and Statements of Financial Affairs and (B) Rule 2015.3 Financial Reports and (II) Waiving the Requirement to File the List of Equity Security Holders [Docket No. 41]

- Order (INTERIM) (I) Authorizing Debtors to (A) Pay Wages, Salaries, and Other Compensation, Payroll, Withholdings, and Benefits Contributions, (B) Maintain Employee Medical and Similar Benefits, and (C) Pay Reimbursable Employee Expenses; and (II) Authorizing and Directing Banks and Other Financial Institutions to Pay All Checks and Electronic Payment Requests Made by Debtors Relating the Foregoing. [Docket No. 37]

- Order (INTERIM) Authorizing (I) Maintenance of Certain Existing Bank Accounts, (II) Continued Use of Existing Checks and Business Forms, and (III) Continued Use of Existing Cash Management System. [Docket No. 38]

- Order [INTERIM] (I) Determining Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Services, (II) Establishing Procedures for Determining Adequate Assurance of Payment, and (IV) Scheduling a Final Hearing [Docket No. 40]

- Order [INTERIM] Granting Debtors' Motion for Entry of an Order Authorizing Debtors to Maintain Existing Insurance Policies, Pay All Policy Premiums and Fees Arising Thereunder, and Renew or Enter Into New Policies [Docket No. 41];   and

- Order [INTERIM] (I) Authorizing the Debtor to (A) Obtain Post-Petition Financing to a Pre-Petition Credit Agreement and (B) Utilize Cash Collateral; (II) Granting Adequate Protection; and (III) Scheduling Final Hearing [Docket No. 48}

17.    On the Petition Date, the Debtors also filed an *Omnibus Motion of the Debtors for Entry of an Order Authorizing the Debtors to Reject Certain Executory Contracts Pursuant to 11 U.S.C. § 365, Effective Nunc Pro Tunc to the Petition Date, dated August 19, 2015* [Docket No. 31] (the "Rejection Motion")[4] for entry of an order,

---

[4]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

pursuant to Bankruptcy Code sections 105(a) and 365(a) authorizing the Debtors to reject certain contracts, effective as the Petition Date.

18.     After the hearing on the First Day Motions, the Togut Firm also was in frequent communication with various third parties, including counsel for the United States Trustee and other parties-in-interest.

19.     Following the Petition Date and during the First and Final Fee Period, the Togut Firm's initial focus was on (i) implementing the relief sought in the orders approving the First Day Motions, and (ii) preparing for the status conference and hearing on matters to be considered by the Court at the so called "second-day" hearing on September 9, 2015.

20.     Additionally, the Togut Firm spent significant time and resources addressing objections to (i) the DIP Financing Motion to obtain approval of post-petition financing on a final basis filed by Parking Source LLC [Docket No. 69] and Liberty Grande LLC [Docket No. 70],  and the Rejection Motion filed by Campus Acquisitions 308 Green, LLC and HERE Lawrence Property Owner, LLC [Docket No. 65],  Brickellhouse Condominium Association ("BrickellHouse COA") [Docket No. 66]; and BrickellHouse Holding, LLC ("BHH") [Docket No. 67].

21.     It was crucial the Debtors have access to the initially proposed $2.5 million in post-petition financing since it was essential to the success of any contemplated plan or reorganization for the Debtors and the administration of the Chapter 11 Cases.  Similarly, the Debtors needed the relief sought in the rejection motion for facilitate the Debtors efforts to reorganize its business so that it can concentrate its efforts on its research and development activities.  The Debtors sought to reject the contracts in an effort to minimize potential exposure of administrative expenses and give clarity to the contract counterparties at the earliest juncture of these Chapter 11 Cases as to the Debtors' plans with respect to the contracts.

22.     Much of the Togut Firm's efforts in assisting the Debtors' transition to debtor-in possession status focused on maintaining the Debtors' operations during the pendency of these Chapter 11 Cases.   In addition to the matters discussed above, the Togut Firm has rendered services for, or on behalf of the Debtors, in connection with other miscellaneous matters, such as: communicating with the United States Trustee staff attorneys regarding operating reports and other case matters; participating in status and strategy calls;  and communicating with various parties regarding issues concerning the Chapter 11 Cases in general.

23.     Finally, the Debtors had numerous questions concerning their debtor-in-possession obligations under Chapter 11, inquiries the Togut Firm answered.

## DISBURSEMENTS DURING THE FIRST AND FINAL FEE PERIOD

24.     The Togut Firm has incurred out-of-pocket disbursements between August 18, 2015 through September 13, 2015 in the amount of $2,380.01.   This disbursement sum is broken down into categories of charges, including, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs.  A complete review by category of the expenses incurred for the First and Final Fee Period may be found in the attachments hereto as Exhibit B.  To the extent such itemization is insufficient to satisfy the requirements of Del. Bankr. LR 2016-2(e)(ii), the Togut Firm respectfully requests that the Court waive strict compliance with such rule.

25.     Pursuant to Local Rule 2016-2, the Togut Firm charges $.10 per page for photocopying expenses.  For facsimiles, the Togut Firm excludes charges for incoming facsimile transmissions, and includes charges for long distance outgoing facsimiles, not to exceed the $1.00 per page maximum (there are no local fax charges included in the Togut Firm's disbursements).  These charges are intended to cover the Togut Firm's direct operating costs for photocopying and facsimile facilities, which

costs are not incorporated into the Togut Firm's hourly billing rates. Only clients who actually use photocopying, facsimile, and other office services of the types set forth in Exhibit "B" are separately charged for such service. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying, facsimile, and document production facilities and services. The amount of the standard photocopying and facsimile charge is intended to allow the Togut Firm to cover the related expenses of its photocopying and telecopying service. A determination of the actual expenses per page for photocopying and telecopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying and telecopying on an annual basis.

26.     Consistent with firm policy, attorneys and other employees of the Togut Firm who worked late into the evenings were reimbursed for their reasonable meal costs and their cost for transportation home. The Togut Firm's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services. In addition, due to the nature of the Debtor's cases, same day and overnight delivery of documents and other materials may have been required as a result of deadlines and/or emergencies necessitating the use of such express services. These disbursements are not included in the Togut Firm's overhead for the purpose of setting billing rates. The Togut Firm has made every effort to minimize its disbursements in these Chapter 11 cases. The actual expenses incurred in providing professional services were absolutely necessary, reasonable and justified under the circumstances to serve the needs of the Retiree Committee.

27.     None of the travel-related expenses, if any, of the Togut Firm's attorneys included herein were for first-class airfare, luxury accommodations, or deluxe meals.

**VALUATION OF SERVICES FOR THE FIRST AND FINAL FEE PERIOD**

28.     Attorneys and paraprofessionals of the Togut Firm have expended a total of 249.4 hours in connection with this matter during the First and Final Fee Period.

29.     The amount of time spent by each of these persons providing services to the Debtors for the First and Final Fee Period is fully set forth in the detail attached hereto as Exhibit A.  These are the Togut Firm's normal hourly rates of compensation for work of this character.  The reasonable value of the services rendered by the Togut Firm for the First and Final Fee Period as counsel for the Debtors in these cases under Chapter 11 is $97,588.50.

30.     By its signature below, the Togut Firm believes that the time entries included in Exhibit A attached hereto and the expense breakdown set forth in Exhibit B hereto are in compliance with the requirements of Local Rule 2016-2.

31.     In accordance with the factors enumerated in 11 U.S.C. §330, the amount requested is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title. This Application covers the First and Final Fee Period from August 18, 2015 through and including September 13, 2015.   During the First and Final Fee Period, the Togut Firm performed necessary services and incurred out-of-pocket disbursements in connection with its representation of the Debtors.

32.     As set forth in herein, in accordance with the factors enumerated in 11 U.S.C. § 330, approval of the fees requested for the First and Final Fee Period is fair and reasonable given (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, (e) the costs of comparable services other than in a case under this title and (f) the results achieved.  In

addition, the out-of-pocket disbursements for which reimbursement is sought were actual, reasonable and necessary costs incurred while representing the Debtors

**WHEREFORE,** the Togut Firm requests that a final allowance be made to it (i) in the sum of $97,588.50 as compensation for necessary professional services rendered to the Debtors for the First and Final Fee Period, (ii) in the amount of $5,000 for services rendered in connection with the preparation, filing and service of the First and Final Fee Application;  and (iii) the sum of $2,380.01 for reimbursement of actual necessary costs and expenses incurred during that First and Final Fee Period, and further requests such other and further relief as this Court may deem just and proper.

Dated: December 2, 2015

 _/s/ Brian F. Moore_____
TOGUT, SEGAL & SEGAL LLP
Brian F. Moore (*pro hac vice*)
One Penn Plaza, Suite 3335
New York, NY 10119
Tel:  (212) 594-5000
Fax:  (212) 967-4258

Counsel for the Debtors and Debtors in Possession

VERIFICATION

STATE OF NEW YORK )
                 )    SS:
COUNTY OF NEW YORK )

         Brian F. Moore, Esquire, after being duly sworn according to law, deposes and says:

         1.     I am admitted to practice in the State of New York and I am of Counsel for the law firm of Togut, Segal & Segal LLP (the "Togut Firm"), which maintains an office at One Penn Plaza, Suite 3335, New York, New York 10119.

         2.     I have personally performed many of the legal services rendered by the Togut Firm as counsel for the Debtors and am familiar with all other work performed by the lawyers and paraprofessionals employed by the Togut Firm in such capacity.

         3.     The facts set forth in the foregoing Application are true and correct to the best of my knowledge, information and belief.

/s/ Brian F. Moore

SWORN TO AND SUBSCRIBED before me
this 2nd day of December 2015

/s/ Cynthia Juliano