IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| BOOMERANG SYSTEMS, INC., *et al.*, | : | Case No. 15-11729 (MFW) |
| Debtors. | : | (Jointly Administered) |

---------------------------------X

### DEBTORS' MOTION SEEKING ENTRY OF AN ORDER SHORTENING NOTICE FOR THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING FIRST AMENDMENT TO DEBTOR-IN-POSSESSION LOAN AGREEMENT AND (II) AMENDING ORDER AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[1] by and through their undersigned counsel, move (the "Motion to Shorten") for entry of an order, in substantially the form attached hereto as **Exhibit A**, shortening the notice and objection periods concerning the *Debtors' Motion for Entry of an Order (I) Approving First Amendment to Debtor-in-Possession Loan Agreement and (II) Amending Order Authorizing Debtors to Obtain Post-Petition Financing* (the "Motion")[1] so that there may be a hearing on the Motion at the regularly-scheduled omnibus hearing on December 21, 2015 at 2:00 P.M. ET. In support of this Motion to Shorten, the Debtors respectfully represent as follows:

---

[1] Capitalized terms used but not defined in this Motion to Shorten shall have the meanings ascribed to such terms in the Motion.

{N0432813; 1}

## I. JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Rules 2002(a)(4) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## II. BACKGROUND

A. **The Debtors' Chapter 11 Cases**

4. On August 18, 2015 (the "Petition Date"), each of the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in detail in the Declaration of James V. Gelly (the "Gelly Declaration") [Dkt. No. 13], which is deemed fully incorporated herein by reference.

5. The Debtors continue to operate their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 2, 2015, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors' Committee"). On September 14, 2015, two creditors filed a motion to convert the cases to cases under chapter 7, or

in the alternative, to appoint a chapter 11 trustee in the cases. The conversion/trustee motion has since been withdrawn.

### III. RELIEF REQUESTED

6. By this Motion to Shorten, the Debtors request entry of an order shortening the notice and objection periods for the Motion to permit a hearing on the Motion to be held at the regularly-scheduled omnibus hearing on December 21, 2015 at 2:00 P.M. ET.

### IV. BASIS FOR RELIEF REQUESTED

7. Local Rule 9006-1(c)(i) provides that, "[u]nless the Fed. R. Bankr. P. or these Local Rules state otherwise, all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days (twenty-one (21) days if service is by first class mail; nineteen (19) days if service is by overnight delivery) prior to the hearing date." Local Rule 9006-1(e) authorizes the Court to schedule a motion for hearing on less notice than is required by the Local Rules or the Bankruptcy Rules on "written motion specifying the exigencies justifying shortened notice." *Id.* 9006-1(e); *see also* FED R. BANKR. P. 9006(c)(1) (2015) ("[T]he court for cause shown may in its discretion with or without motion or notice order the [notice] period reduced.").

8. Under the current facts and circumstances, the Debtors believe that it is appropriate for this Court to consider the Motion on shortened notice. As detailed in the Motion, the proposed amendment to the Debtors' debtor-in-possession financing is necessary to fund the conclusion of these cases. The terms of this amendment have been negotiated between the Debtors and the DIP Agent who all support the relief requested in the Motion. The Debtors and the DIP Agent have kept the Creditors' Committee's professionals advised of the negotiations and believe that the Creditors' Committee will support the relief requested in the

{N0432813; 1}

Motion. Without the funding obtained via the First Amendment, the Debtors are faced with the prospect of converting their cases to chapter 7 cases and losing a substantial part of the value of the Debtors' assets.

9. The shortened notice requested will not unduly prejudice any party in interest. The Debtors believe that, in light of the circumstances, the interested parties will receive sufficient notice and have time to object, if necessary, to the relief requested in the Motion.

10. The Debtors submit that, for the foregoing reasons, cause exists to shorten the notice period pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e).

11. To compensate for the reduced notice period, the Debtors request that this Court fix an appropriate response deadline to allow parties time to respond to the Motion prior to the hearing.

12. Pursuant to Local Rule 9006-1(e), this Court may rule on this Motion without the need for a hearing.

## V. <u>NOTICE</u>

13. Notice of this Motion to Shorten and the Motion has been provided either by facsimile, electronic transmission, first-class mail, overnight delivery, or hand delivery to: (i) Office of the United States Trustee; (ii) the prepetition and postpetition lenders; (iii) the Official Committee of Unsecured Creditors appointed in these chapter 11 cases; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002.

{N0432813; 1}

WHEREFORE, the Debtors respectfully request the entry of an Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested in this Motion to Shorten; and (b) granting such other and further relief as may be just or proper.

Dated: December 7, 2015

        CIARDI, CIARDI & ASTIN

        */s/ Joseph J. McMahon, Jr.*
        Daniel K. Astin (No. 4819)
        John D. McLaughlin, Jr. (No. 4123)
        Joseph J. McMahon, Jr. (No. 4819)
        1204 N. King Street
        Wilmington, DE 19801
        Tel: (302) 658-1100
        Fax: (302) 658-1300
        jmcmahon@ciardilaw.com

        - and –

        SULLIVAN & WORCESTER LLP
        Jeffrey R. Gleit (admitted *pro hac vice*)
        1633 Broadway
        New York, NY 10019
        Tel: (212) 660-3000
        Fax: (212) 660-3001

        Counsel for the Debtors and
        Debtors in Possession