# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| BOOMERANG SYSTEMS, INC., *et al.*,[1] | : | Case No. 15-11729 (MFW) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
| ---------------------------------------------------------------X | : | Re: Docket No(s). 309, 327 and 334 |

## ORDER (I) APPROVING FIRST AMENDMENT TO DEBTOR-IN-POSSESSION LOAN AGREEMENT AND (II) AMENDING ORDER AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING

Upon consideration of the motion (the "Motion") of Boomerang Systems, Inc. ("Boomerang Systems"), Boomerang Sub, Inc., Boomerang USA Corp. and Boomerang MP Holdings Inc., the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" or "Boomerang")[1] for entry of an order (i) approving the first amendment (the "First Amendment") to the Debtor-in-Possession Credit Agreement among the Debtors and Game Over Technology Investors, LLC (the "DIP Credit Agreement") and (ii) amending the *Final Order (I) Authorizing the Debtors to (A) Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105 and 364 Pursuant to a Post-Petition Credit Agreement and (B) Utilize Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 363, and 507* (the "Final DIP Order") [Docket No. 200]; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's identification number are as follows: (i) Boomerang Systems, Inc. (6487) (Case No. 15-11729), (ii) Boomerang Sub, Inc. (3805) (Case No. 15-11731), (iii) Boomerang USA Corp. (0521) (Case No. 15-11732), and (iv) Boomerang MP Holdings Inc. (4081) (Case No. 15-11733). The address for each of the Debtors is 30 A Vreeland Road, Suite 150, Florham Park, New Jersey 07932.

{B1960335;2}

this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and it further appears that:

(a) Under the circumstances, the notice given by the Debtors of the Motion, the relief requested therein, and the final hearing for such motion constitutes appropriate, due, and sufficient notice thereof and complies with Bankruptcy Rule 4001(b) and (c) and the Local Rules.

(b) Good cause has been shown for the entry of this First DIP Amendment Order.

(c) The Debtors are unable to obtain sufficient financing on more favorable terms from sources other than the DIP Lenders under the DIP Loan Documents, as amended by the First Amendment. The Debtors are unable to obtain adequate unsecured credit allowable under section 502(b)(1) of the Bankruptcy Code as an administrative expense. The Debtors are also unable to obtain secured credit allowable under sections 364(c)(1), 364(c)(2) and 364(c)(3) of the Bankruptcy Code without the Debtors granting the DIP Lenders the liens and protections afforded to them under the Final DIP Order, as amended by this First DIP Amendment Order. The Debtors require the additional financing provided under the First Amendment pursuant to the terms therein, and under this First DIP Amendment Order, to provide for the orderly liquidation of the Debtors' assets.

(d) All of the Debtors' obligations and indebtedness arising under, in respect of, or in connection with the DIP Loan and the DIP Loan Documents, as amended by the First Amendment, and the rights granted in this First DIP Amendment Order, are being extended or received, as appropriate, by the DIP Lenders and their affiliates (and the successors and assigns of each of the foregoing) in good faith, as that term is used in section 364(d) of the Bankruptcy Code, and in express reliance upon the protections offered by section 364(d) of the Bankruptcy Code, and shall be entitled to the full protection of section 364(c) of the Bankruptcy Code in the event that this

First DIP Amendment Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is GRANTED, on a final basis, in accordance with the terms of this First DIP Amendment Order. Any objection to the Motion with respect to the entry of this First DIP Amendment Order that has not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied or overruled.

2. The Debtors are immediately authorized to enter into the First DIP Amendment attached hereto as Exhibit 1, and to consummate any and all transactions contemplated thereby, and the First DIP Amendment and transactions contemplated thereunder are approved in their entirety.

3. Except as expressly set forth in this Order and in the First Amendment to the DIP Credit Agreement, no provision of this Order, the DIP Credit Agreement, or any other order or agreement entered into by the parties in this case is modified, amended, or altered. The rights and remedies of the DIP Lenders in respect of the obligations of the Debtors under the DIP Credit Agreement, granted and approved under the Final DIP Order are hereby reaffirmed and shall continue in full force and effect with respect to the DIP Credit Agreement, as amended by the First DIP Amendment.

4. This First DIP Amendment Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this First DIP Amendment Order shall be immediately

effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this First DIP Amendment Order.

5. Notwithstanding anything to the contrary in any other documents, the Investigation Termination Date as established by, and defined in, the Final DIP Order (and as previously extended by Order of this Court) shall be extended, solely for the Committee, through and including the earlier of: (i) the entry of a final, and non-appealable Order Confirming a Plan of Liquidation in these cases; or (ii) March 31, 2016, without the need for a further Order of this Court.

6. The Final DIP Order shall be deemed amended to reflect the new "Investigation Termination Date;" provided, however, that the Final DIP Order shall not be deemed modified or amended in any way other than as needed to effectuate the terms of this Order.

7. As set forth in the Final DIP Order, the Debtors, on behalf of themselves and their estates (including any successor trustee or other estate representative in these Chapter 11 Cases or any successor trustee) forever and irrevocably release, discharge, and acquit the DIP Lender, and its member, manager (and its manager's member), attorneys and professionals, and each of the DIP Participants (collectively, the "Releasees") of and from any and all claims, demands, liabilities, responsibilities, disputes, remedies, causes of action, indebtedness and obligations relating to any aspect of the relationship between the DIP Lender or the DIP Participants, on the one hand, and the Debtors and their affiliates, on the other hand. For the avoidance of doubt, the aforementioned releases shall include: (i) any equitable subordination claims or defenses, (ii) any and all claims and causes of action arising under title 11 of the United States Code regarding the extent, validity or priority of any such liens or claims, and (iii) any and all claims regarding the extent, validity or priority of any such liens or claims; provided, however, that each of the

aforementioned romanettes shall be limited to any actions that were taken with respect to, or relating to, the negotiations of or funds advanced and liens granted under the Interim Order, the Final Order, this Amendment to the Final Order, the DIP Loan Agreement, the Post-Petition Liens, the Superpriority Claims or the DIP Financing. This Release shall not include and/or apply to claims for, or related to, actual fraud, gross negligence or willful misconduct. For the avoidance of doubt, nothing herein shall release any claims or causes of action arising from the actions of a releasee in their capacity as an officer or director of the Debtors.

8. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

Dated: December 21, 2015
Wilmington, Delaware

                                                     _____
                                                     Mary F. Walrath
                                                     United States Bankruptcy Judge